HELBERG, Appellant, vs. HOSMER, Respondent.

*October 27—November 15, 1910.*

*Torts: Joinder of parties: Deceit: Pleading.*

1. One of a number of joint tortfeasors may be sued alone without
   joining the others, each being responsible for the whole wrong.
2. When a party, either knowingly or without knowledge on the
   subject, makes material and false representations of fact to an-
   other in order to induce him to enter into a contract, and such
   other without knowledge or the present means of knowledge on
   the subject is thereby induced to enter into the contract in re-
   liance on the truth of the representations and suffers legal dam-
   age by reason thereof, an action for deceit will lie.

APPEAL from a judgment of the circuit court for Ashland
·county: JOHN K. PARISH, Circuit Judge.   *Reversed.*

This is an action in tort for deceit.   The complaint alleges
in substance that on and before February 15, 1908, the de-

fendant and one Kuntz were the owners of a dairy farm in Ashland county and desired to engage the plaintiff to operate it on a crop-sharing plan; that the plaintiff was entirely unfamiliar with the farm; that the defendant and Kuntz determined that Kuntz should take the plaintiff onto the farm in order to show the same to him and explain its desirable features, and that pursuant to such determination Kuntz did take the plaintiff onto the farm, and did, for the purpose of inducing the plaintiff to enter into the agreement hereinafter mentioned, knowingly, falsely, and fraudulently represent to him (1) that a certain well upon the farm was capable of producing and did produce abundant water all the year round for watering all the cattle and stock upon the farm, (2) that a certain twenty-four acres of land upon the farm was well drained and usable for agricultural purposes and capable of yielding and had yielded large crops, and (3) that the stock and cattle on said farm were capable of giving and yielding and did give and yield what is known as four per cent. milk; that in reliance upon these false representations and believing the same to be true the plaintiff on the 15th day of February, 1908, entered into an agreement with the defendant and said Kuntz to operate said farm for one year for a compensation consisting of one half the income and products thereof; that pursuant to said contract the plaintiff entered upon the performance of his duties on said farm and continued thereon until the expiration of his said contract. The complaint further alleged that in truth and in fact the well did not flow or give sufficient water all the year round for the cattle and stock upon the farm, but gave so little water during the winter months that plaintiff was obliged to drive the cattle and stock a long distance to water the same at a creek twice a day, whereby the plaintiff was required to expend time and labor, and whereby also the yield of said cattle was necessarily greatly lessened in quantity and deteriorated in quality, to the plaintiff's damage in the sum of $40; that in truth and in

fact the said twenty-four acres of land was not well drained or capable of being used for agricultural purposes, to the plaintiff's further damage in the sum of $75; that in truth and in fact said cattle did not give or produce what is known as four per cent. milk, but a considerably inferior grade, to the plaintiff's further damage in the sum of $85. The demand for judgment was for the sum of $200.

The answer admitted the ownership of the farm and the making of the crop-sharing agreement with the plaintiff and its performance, but denied all other allegations.

At the opening of the trial the defendant objected to the introduction of any evidence under the complaint, because (1) the complaint fails to state a cause of action, and (2) that there is a defect of parties defendant, in that George E. Kuntz of Milwaukee, Wisconsin, is not named as a defendant, which objection was sustained and judgment rendered dismissing the complaint, and the plaintiff appeals.

The cause was submitted for the appellant on the briefs of *Holland & Lovett,* and for the respondent on that of *Ben. S. Smith.*

WINSLOW, C. J. The objection of defect of parties defendant was waived because not taken by demurrer or answer. Sec. 2654, Stats. (1898).

If a complete determination of the controversy could not be had without the presence of other parties, the court should order them to be brought in and should not dismiss the action. Sec. 2610, Stats. (1898). But this was not such a case. If any cause of action at all was stated, it was a cause of action in tort for deceit against one of two joint tortfeasors. It is very familiar law that one of a number of tortfeasors may be sued alone without joining the others: each is responsible for the whole wrong.

The complaint may not be a model of pleading, but when fairly construed we think it states a cause of action to recover

·damages for deceit. It charges in effect that the owners of a dairy farm, for the purpose of inducing one who was unacquainted with it to enter into a contract to operate it on shares, caused false representations to be made to such person as to the water supply and as to the drainage and quality of a part of it, and that the plaintiff, relying on such representations and believing them to be true, entered into the contract, operated the farm, and suffered damage by reason of the falsity of the representations.

When a party, either knowingly or without knowledge on the subject, makes material and false representations of fact to another in order to induce him to enter into a contract, and such other without knowledge or the present means of knowledge on the subject is thereby induced to enter into the contract in reliance on the truth of the representations and suffers legal damage by reason thereof, the cause of action is complete. *Beetle v. Anderson,* 98 Wis. 5, 73 N. W. 560; *Krause v. Busacker,* 105 Wis. 350, 81 N. W. 406.

*By the Court.*—Judgment reversed, and action remanded for a new trial.