SINGER SEWING MACHINE COMPANY, Respondent, vs. LANG, Appellant.

*March 9—April 7, 1925.*

*Contracts: Right to choose with whom contract is made: Monopoly:
    Interference with agent by third party: Damages: Adverse
    examination: Motion to suppress: Contempt by witness.*

1. One engaged in private business may freely exercise his own independent discretion as to the parties with whom he will deal. p. 535.

2. In the absence of an intent to create or maintain a monopoly, the Sherman Act (U. S. Comp. Stats. §§ 8820–8823, 8827–8830) does not prevent a manufacturer engaged in a private business from announcing in advance the resale prices of his goods and from refusing to deal with wholesalers and retailers who do not conform to such prices. p. 535.

3. A manufacturer's method of sale and distribution of its prod-
   ucts exclusively through its agents appointed by it in various
   localities throughout the country, who acquire no title to
   them, and who are authorized to dispose of them only at prices
   and upon terms fixed by the manufacturer, is not such as to
   deprive the manufacturer of equitable protection.   p. 535.
4. One who maliciously induces another to breach a contract with
   a third person is liable to such third person for the damages
   resulting to him from such breach; and one who induces an
   agent to betray the trust reposed in him by his principal is
   liable to the latter for the damages thereby sustained by the
   principal.  p. 536.
5. The plaintiff manufacturer, selling and distributing its prod-
   ucts exclusively through agents appointed by it and author-
   ized to dispose of them only at prices and upon terms fixed
   by it, would be entitled to damages as well as equitable relief
   against defendant, who, the inference is, through the cor-
   ruption of some of plaintiff's agents, encouraged or induced
   by him, procures new products manufactured by plaintiff,
   and maintains and carries on the business of selling such
   products at a price less than that fixed for them by plaintiff.
   p. 536.
6. An affidavit for discovery based on sec. 4096, Stats., need not
   state facts sufficient to constitute a cause of action, nor is it
   necessary that plaintiff should know that a cause of action
   exists.  p. 536.
7. If plaintiff's affidavit for discovery complies with the statute
   authorizing it and does not on its face negative the existence
   of a cause of action, discovery cannot be denied or suppressed,
   regardless of the interposition of a motion to suppress the
   examination.  p. 537.
8. An order of a court commissioner adjudging defendant in
   contempt upon his refusal to answer interrogatories pro-
   pounded in response to points of discovery set forth in plaint-
   iff's affidavit of discovery, is *held* proper.  p. 537.

APPEAL from an order of the circuit court for Milwaukee
county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Plaintiff commenced this action against the defendant by
service of a summons.  It then proceeded to examine the
defendant under sec. 4096, Stats., upon an affidavit made
for and upon its behalf; it appearing therefrom that the
plaintiff is the manufacturer of the Singer sewing machine
and that it sells its product directly to the consumer through

agents appointed by it in all parts of the country; that the title to sewing machines furnished to its agents is retained in the plaintiff, and that the agents are required to sell said machines direct to the consumer at a price and upon terms fixed by the plaintiff; that the plaintiff furnishes to its various agents so appointed various advertising material, literature, signs and insignia, each of which bears upon its face the trade-mark of the plaintiff, consisting of a large capital S, within which is printed the figure of a female sitting at a sewing machine, which trade-mark is copyrighted by the plaintiff and is its sole property; that no persons other than its duly appointed agents are authorized to display any of its advertising matter, signs, symbols, or designs; that plaintiff causes each of the sewing machines manufactured by it to be identified and marked by a serial number stamped into the metallic part of each of said machines, and that plaintiff maintains accurate records of the serial number of each machine and to whom the same is intrusted as its agents for sale and distribution; that many of said machines are sold through plaintiff's agents to the consumer and user thereof on time-payment plans, said machines being intrusted, upon the payment of a certain nominal amount, into the possession of the user and prospective purchaser thereof, the said plaintiff retaining ownership and title thereto, and that in the event the person receiving possession thereof fails to pay therefor according to the contract under which the same is purchased by him, the said plaintiff can repossess itself of said machine, and trace the same and fix its identity by means of and through the serial number stamped upon each sewing machine manufactured by said plaintiff.

That notwithstanding the fact that the defendant has never been appointed by the plaintiff as its agent for the sale of its machines, nor authorized to display its advertising material, signs, trade-marks, and insignia, the said defendant advertises that he is selling and can sell to the user

and consumer said plaintiff's new sewing machines at a price less than that which its duly authorized agents are permitted to sell the same for, and that he is enabled so to do because he obtained said machines in an unlawful and fraudulent manner, from persons having no title thereto, for the reason that said machines have not been paid for to said plaintiff, and are its property; that the serial numbers of the machines so sold by the defendant are defaced, altered, and changed so that said machines cannot be followed and identified by the plaintiff, all to its great damage and injury.

That the general nature, object, and purpose of the action is to enjoin and restrain the above named defendant from holding himself out as an agent of said plaintiff corporation, and from holding himself out as a person duly authorized to sell new Singer sewing machines for and on behalf of said plaintiff, from selling said plaintiff's sewing machines as the property of said defendant, from selling said machines at a lower price than that fixed by said plaintiff, and to enjoin and restrain defendant from using, displaying, or exhibiting any of its advertising matter and to deliver the same up to said plaintiff; to compel an accounting and to collect damages for the wrongful acts set forth, and to restrain the defendant from mutilating, defacing, or altering the serial numbers on each and every of the Singer sewing machines manufactured by the plaintiff, and from selling new Singer sewing machines until he is so employed and authorized by plaintiff; that discovery is necessary in order to enable the plaintiff to plead, and that the points on which such discovery is desired are as follows:

"1. The person, or persons, from and through whom the defendant obtains and has obtained the new Singer sewing machines in his possession and under his control, and the new Singer sewing machines manufactured by said plaintiff, heretofore sold by said defendant, together with the names and addresses of the persons to whom machines were sold and the price paid by such persons.

"2. The serial numbers of the respective Singer sewing machines manufactured by said plaintiff now in the defendant's possession, or heretofore sold by him, or his agents, in the city of Milwaukee.

"3. The person, or persons, from whom and through whom he obtained the various Singer sewing machine advertising matter, trade-marks, trade-names, or designs, in possession of the defendant and used and displayed by him in connection with his business.

"4. The price which the said defendant pays for new Singer sewing machines manufactured by said plaintiff, in his possession, or heretofore sold and distributed by him.

"5. The name of the person, or persons, with whom he is engaged in buying and selling new Singer sewing machines manufactured by said plaintiff, and in obtaining the same.

"6. The identity of the person, or persons, who have changed, altered, or obliterated the serial number on various new Singer sewing machines manufactured by said plaintiff, now in his possession, or heretofore sold by him or through him."

The defendant moved to suppress the examination, which motion was denied. Upon the examination before Max W. Nohl, Esq., a circuit court commissioner, the defendant refused to answer any questions propounded to him responsive to the first, second, fourth, and sixth points upon which discovery was desired. The defendant was adjudged in contempt by the court commissioner, fined $25, and committed to jail until he answers such questions and submits to interrogation upon all of such points upon which discovery is desired. This order of the court commissioner was brought before the circuit court upon an order to show cause, upon a hearing of which the order was in all respects affirmed. From the order of the circuit court the defendant brings this appeal.

For the appellant there was a brief by *William L. Tibbs* and *L. A. Schweichler,* both of Milwaukee, and oral argument by *Mr. Tibbs.*

*Winfred C. Zabel* of Milwaukee, for the respondent,

OWEN, J.   It appears from the affidavit upon which discovery is based that the plaintiff makes exclusive disposition and sale of its products through agents appointed by it in various localities throughout the country; that its agents acquire no title to the sewing machines, and that they are authorized to dispose of them only at prices and upon terms fixed by the plaintiff; that notwithstanding this fact, the defendant maintains a place of business in Milwaukee in which he displays the literature, signs, emblems, and insignia of the plaintiff, and keeps on hand a stock of new Singer sewing machines,—all of which enables him to give the public the impression that he is the authorized and duly constituted agent of the plaintiff; that by virtue of the method adopted by the plaintiff for the distribution of its product, he cannot lawfully acquire title to the sewing machines of the plaintiff and cannot obtain possession thereof without corrupting some of the plaintiff's agents.   The defendant insists that this manner and method adopted by the plaintiff for the sale and distribution of its product is monopolistic in nature and unlawful and constitutes a violation of the federal as well as the state anti-trust statutes, and that a court of equity should not entertain this action nor permit the discovery desired.

It is well settled that one engaged in private business may freely exercise his own independent discretion as to parties with whom he will deal.   *Federal Trade Comm. v. Raymond Bros.-Clark Co.* 263 U. S. 565 (44 Sup. Ct. 162) and cases cited on p. 573; note, 7 A. L. R. 449.   In the absence of any intent to create or maintain a monopoly, the Sherman Act does not prevent a manufacturer engaged in a private business from announcing in advance the prices at which his goods may be resold and from refusing to deal with wholesalers and retailers who do not conform to such prices.   *U. S. v. Colgate & Co.* 250 U. S. 300, 39 Sup. Ct. 465.   *A fortiori,* a manufacturer may dispose of his products direct

to the consumer through his duly constituted agents at prices and upon terms fixed by the manufacturer, especially if there be no intent or purpose to create or maintain a monopoly. We discover nothing about plaintiff's method of sale and distribution rendering plaintiff the defenseless prey of piracy or depriving it of the protection of a court of law or equity.

It is apparent that the defendant has no way of acquiring title to the new sewing machines of the plaintiff except by direct sale from the plaintiff or from its agents, and that if he acquires said machines by, from, or through the agents of the plaintiff at a price which enables him to make resale thereof at a profit to himself, he does so by corrupting plaintiff's agents and by inducing them to be faithless to the plaintiff in the discharge of their trust. This court holds that one who maliciously induces another to breach a contract with a third person is liable to such third person for the damages resulting from such breach. *Northern Wis. Co-op. Tobacco Pool v. Bekkedal,* 182 Wis. 571 (197 N. W. 936), and cases cited at p. 581. With far greater reason must it be held that one who induces an agent to betray the trust reposed in him by his principal must respond in damages which the principal sustains thereby.

The inference is very strong that the defendant is enabled to procure the new sewing machines of plaintiff and maintain and carry on his business because of the faithless conduct of some of plaintiff's agents, which faithless conduct is encouraged or induced by the defendant, resulting in an actionable wrong to the plaintiff for which it is entitled to damages as well as the other relief of an equitable nature which it seeks in this action.

Sec. 4096, Stats., has been declared by this court to be a remedial and highly beneficial statute and one liberally to be construed. It is not necessary that the affidavit for discovery state facts sufficient to constitute a cause of action, nor is it necessary that the plaintiff should know that a cause

of action exists.  *Sullivan v. Ashland L., P. & St. R. Co.*
152 Wis. 574 (140 N. W. 316), and cases cited at p. 578.
The counter-affidavit of the defendant upon which his mo-
tion to suppress the examination was based is not sufficient
to defeat the examination which is based upon an affidavit
made by the plaintiff in compliance with the statute.  *Sulli-
van v. Ashland L., P. & St. R. Co.* 152 Wis. 574, 140 N. W.
316; *American F. P. Co. v. American M. Co.* 151 Wis. 385,
138 N. W. 1123; *Ellinger v. Equitable L. Assur. Soc.* 138
Wis. 390, 120 N. W. 235.  The court upon such a motion
cannot try out the question of whether a cause of action
exists between the parties.  If the affidavit of the plaintiff
complies with the statute and does not on its face negative
the existence of a cause of action, discovery cannot be denied
or suppressed.  We hold, as did the circuit court, that the
order of the court commissioner was proper, and the order
appealed from should be affirmed.

*By the Court.*—Order affirmed.