COAKLEY and another, Appellants, vs. DEGNER and others, Respondents.

*September 16—October 12, 1926.*

*Torts: Inducing agent to violate instructions: Good faith: Liability.*

1. One is liable in damages who maliciously induces the agent of another to betray his trust for the purpose of securing some advantage to himself at the expense of the principal. p. 172.
2. Defendants had engaged plaintiffs to transport their household goods to an island in a lake, and although the defendants knew that the plaintiffs had instructed their truck driver not to

attempt to cross on the ice the agent of the defendants assured the driver that the ice was safe and induced him to attempt to cross. *Held,* that the defendants were not liable for the loss of the truck, as the assurance was given in good faith and there was no malice in inducing the driver to violate his instructions. p. 172.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action to recover the value of a truck owned by plaintiffs. Judgment for defendants. Plaintiffs appeal.

Plaintiffs operate a storage and moving business in Milwaukee. On March 6, 1923, they contracted to transport household goods for the defendants from Milwaukee to an island in Nagawicka Lake. Plaintiffs' truck driver attempted to go across the ice of the lake to the defendants' island. While crossing the ice a rear wheel of the truck went into a hole evidently made by those who had fished through the ice. The driver was unable to get the wheel out of the hole before darkness came on. The truck was left on the ice and some time during the night it sank to the bottom of the lake in seventy feet of water.

The jury found that *C. E. Degner,* who represented defendants, knew that the driver had been instructed not to go upon the ice; that he assured the driver that the ice was safe; that such assurance induced the driver to go upon the ice and that such assurance was the proximate cause of the loss of the truck. Notwithstanding this verdict the court ordered judgment for the defendants.

For the appellants there was a brief by *O. L. O'Boyle,* attorney, and *Arthur J. Schmid,* of counsel, both of Milwaukee, and oral argument by *Mr. Schmid.*

For the respondents there was a brief by *Schoetz, Williams & Gandrey* of Milwaukee, and oral argument by *Clifton Williams.*

STEVENS, J.   One is liable to respond in damages who maliciously induces the agent of another to betray the trust imposed in him by his principal for the purpose of securing some advantage to himself at the expense of the principal. *Singer S. M. Co. v. Lang,* 186 Wis. 530, 538, 203 N. W. 399.

The record is barren of any proof that would warrant a finding that defendant *Degner* acted maliciously in giving assurance that the ice was safe.   No advantage came to the defendants from the driving of the truck over the ice. The plaintiffs were under contract to deliver the furniture on the island.   If the truck did not go over the ice, it was the duty of the plaintiffs to furnish some other mode of transporting the furniture to the island.   Manifestly if the condition of the ice was such as to endanger the truck, it also subjected the defendants' furniture to the same danger.

Defendant *Degner* knew that a truck heavily laden with lumber had gone over the ice shortly before the time in question.   The evidence presents nothing more than a good-faith assurance that the ice was safe.   The record is entirely barren of any proof that would support a finding of a malicious attempt to induce plaintiffs' driver to violate his instructions.   Where one acts in good faith in giving such assurance he incurs no liability even if damage results to others from the giving of such assurance.

*By the Court.*—Judgment affirmed.