E. L. HUSTING COMPANY, Appellant, vs. COCA-COLA COMPANY and others, Respondents.

*November 7—December 6, 1927.*

*Parties: Statute of interpleader: When mandatory: Parties beyond jurisdiction of court: Defendants aiding third person to violate contract with plaintiff.*

1. Sub. (1), sec. 260.19, Stats., though mandatorily requiring certain third persons to be made parties to a pending action when a complete determination of the controversy cannot be had without their presence, carries with it the limitation that it is intended to apply only to such third persons who are so situated as to be within the power of a then party to the action or of the court itself to bring within the court's jurisdiction. pp. 316, 317.

2. Wisconsin legislation has no extraterritorial force, the presumption being, for purposes of statutory construction, that, unless the contrary clearly appears, a state statute is presumed to be for the regulation and control of property or persons within such state. p. 317.

3. Sub. (1), sec. 260.19, Stats., should not be construed to deny a plaintiff any relief whatsoever against defendants over whom the court has obtained jurisdiction, solely because there is necessarily involved a material question concerning a third person who is not and who cannot be brought within the court's jurisdiction. p. 318.

4. Defendants who, knowing of the existence of a contract between plaintiff and another giving plaintiff the exclusive right to bottle and sell a certain beverage, maliciously aided such other in any continued unlawful violation of plaintiff's rights, are each and all parties to a tort or wrong against plaintiff for which each, all, or any may be held responsible for the direct and consequent damages. p. 318.

5. A plaintiff, injured by a breach of contract, may elect to sue the other party for the breach or for specific performance, and has

the option of determining the time and the forum, but is not compelled to make such person a defendant in an action to restrain others from aiding him in an unlawful violation of plaintiff's rights.  p. 320.

6. Defendants in an action based upon alleged wrongs or torts committed by them cannot complain that another tortfeasor is not joined with them.  p. 321.

7. In an action for damages for breach of contract between plaintiff and another giving plaintiff the exclusive right in a certain locality to bottle and sell a certain beverage, and to restrain the defendants from aiding in the violation of such contract, it is *held* that defendants were all joint tortfeasors, and the person with whom plaintiff entered into the contract and who was beyond the jurisdiction of the court was not an indispensable party.  p. 321.

APPEAL from a judgment of the circuit court for Milwaukee county: CHARLES L. AARONS, Circuit Judge.  *Reversed.*

In June, 1923, the plaintiff, a Wisconsin corporation, commenced this action by summons, naming as defendants the following corporations, all foreign, except as indicated, to wit:  *Coca-Cola Company;*  Western Coca-Cola Bottling Company, service upon which could not be obtained; *Wisconsin Coca-Cola Bottling Company,* licensed to do business in this state; *Milwaukee Coca-Cola Bottling Company,* a Wisconsin corporation.

All defendants other than the Western Company appeared and answered.

The following allegations taken from the various pleadings are deemed sufficient to present the matters here involved.

On January 10, 1917, the plaintiff made a written renewal contract with the non-appearing defendant, Western Coca-Cola Bottling Company, whereby the plaintiff received the exclusive right in the city and county of Milwaukee to bottle and sell; to use the trade-mark "Coca-Cola" and labels and designs in connection therewith; and with the right to purchase at a specified price sufficient Coca-Cola syrup for such purposes.

That the said Western Company had proper power and authority to make such contract for such exclusive right by reason of its contract and other relationship with the *Coca-Cola Company,* the parent company. Such contract was consented to, ratified, and approved by the parent company, it however expressly asserting that it assumed no liability thereunder and did not become a party thereto.

That the plaintiff, in reliance upon said contract, did invest a large sum of money in plant, equipment, stoppers, labels, etc., for the carrying on by it of such contract and to operate thereunder, and in building up a sales and distributing organization, and in establishing a valuable good will. That on or about January 1, 1920, and continuously since, the Western Company, without just cause or legal excuse, refused to furnish plaintiff with any of the syrup or materials as in said contract provided, and that such cannot be purchased or obtained in the market except through said Western Company.

That the defendant *Wisconsin Coca-Cola Bottling Company* was organized in the state of Delaware, December 26, 1922, maintaining offices in Chicago and Milwaukee, and thereafter conducting its business with the advice and consent of the Western Company. That a short time thereafter the *Milwaukee Coca-Cola Bottling Company* was organized under the laws of Wisconsin. That some or all persons interested in the Wisconsin company were interested in said *Milwaukee Company.* That in March, 1923, and, as it is alleged, for the express purpose of evading the contract between plaintiff and the Western Company, *supra,* all defendants aiding and abetting, the said Western Company entered into a contract, which by subsequent assignments or agreements gave to the *Wisconsin* and *Milwaukee* companies substantially the same rights as those alleged to have been given and secured to plaintiff by the contract of 1917, *supra,* except that a higher price was thereby being secured for its products by the parent company.

That the defendants all knew of the situation arising out of the execution of plaintiff's contract.

That from May 1, 1923, the *Milwaukee Company* maintained its plant and equipment in the city of Milwaukee and is furnishing the trade in said city and county in a manner similar to that contemplated plaintiff should do under its contract.

That plaintiff suffered and still suffers large damage and loss of profits which it otherwise would have made; its business and rights under its contract are irreparably destroyed; that its damages cannot be computed; and that unless the defendants be restrained and enjoined from continuing the bottling and selling of said Coca-Cola products in the city and county of Milwaukee, the business of plaintiff in that regard will be wholly lost and destroyed; that plaintiff has no adequate or sufficient remedy at law. That it has suffered damage by reason of the wrongful acts and defaults of the defendant Western Company in the sum of $10,000.

Plaintiff demanded judgment, in substance, that the Western and the *Coca-Cola Company* be enjoined and restrained from furnishing the two other defendants, or either of them, with the products involved in the sale and distribution in Milwaukee city and county; that the *Wisconsin* and *Milwaukee* companies, and each of them, be restrained from carrying on said business or using the trade-mark, labels, etc., in connection with such products; that it have judgment against the Western Company for $10,000 damages, and such other relief as may be meet and proper.

The three appearing defendants, by way of supplemental answer and as a special defense and plea in abatement, alleged, in effect: that the said Western Company so named as defendant and not being subject to the jurisdiction of the court is a necessary and indispensable party without whose presence the court is unable to determine the issues in said actions; that plaintiff's cause of action as based on the contract of 1917 with said Western Company, and its demand

for relief being predicated on the present existence and continuance of the said contract, yet that by reason of acts and transactions between the plaintiff and said Western Company such contract was lawfully terminated on or about January 1, 1920, and that its provisions have not been in force or effect since that time; that there has been no adjudication between plaintiff and said Western Company establishing plaintiff's claim that the contract still continues in force and effect; that until such adjudication is had the trial court has no jurisdiction to grant any of the relief prayed for against the answering defendants; and that no such adjudication between the plaintiff and the Western Company can be had in this action because the Western Company has not been brought within the jurisdiction of the court.

Plaintiff's reply denied that the Western Company is a necessary and indispensable party; denied that the contract was legally terminated on or about January 1, 1920, or at any other time.

Upon the case being called for trial, the plaintiff requested a hearing and trial on the issues made by the said supplemental answer and reply as well as on all of the issues. Such request being denied, the answering defendants moved the court to dismiss the action upon the ground that a necessary party defendant, to wit, the Western Company, is not subject to the jurisdiction of the court. The court, upon the record and pleadings, ordered dismissal of the action without prejudice to the plaintiff's right to bring further action against the proper parties.

From the judgment plaintiff appeals.

*William L. Tibbs* and *Brooke Tibbs,* both of Milwaukee, for the appellant.

For the respondents there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea.*

ESCHWEILER, J. The trial court dismissed this case upon the theory that inasmuch as the plaintiff, in order to obtain

any relief whatsoever as against any herein named defendant, must rely upon the continuance in force of its contract of January 10, 1917, with the Western Company, and since neither the *Wisconsin* nor *Milwaukee* companies came into existence earlier than March, 1922, and could have had no part in the alleged breach by the Western Company in January, 1920, therefore the vital question as to whether or not there had been a breach by the Western Company of the obligations on its part under the contract of 1917 could not be determined in this action unless and except said Western Company was brought within the court's jurisdiction, or an express adjudication be first had in some court wherein the Western Company was a party.

This position of the trial court was evidently taken upon the view that the Western Company was an indispensable party rather than merely a proper party, and for that reason that a legislative mandate compelled him to order the Western Company brought in as a defendant, and then, because of the nonresidence of the Western Company and the impossibility of obtaining legal service upon it, this action as against the appearing defendants must go down.

The statute so considered (sub. (1), sec. 260.19, Stats.) provides, in substance, that controversies between parties then before the court may be determined when it can be done without prejudice to the rights of others or by saving their rights; but that "when a complete determination of the controversy cannot be had without the presence of other parties, or any persons not parties to the action have such interests in the subject matter of the controversy as require them to be made parties for their due protection, the court shall order them to be brought in. . . ."

We are satisfied, however, that no such all-compelling effect should be given, under the circumstances disclosed in this record, to this statute, and furthermore that the Western Company, although the only party to any contract with the

E. L. Husting Co. v. Coca-Cola Co. 194 Wis. 311.

plaintiff, is nevertheless not an *indispensable* party to this action even though relief is asked in the form of money damages against the Western Company and relief by way of restraint upon the other and appearing defendants.

On the first point we think that a statute such as the one here invoked, even though mandatorily and expressly requiring our courts to make some third person a party to a pending action, carries with it, by implication and by force of necessity, the limitation that it is intended to apply only to such third persons who are so situated as to be within the power of a then party to the action or of the court itself to bring within the court's jurisdiction. Otherwise it would be requiring of parties or courts the performing of the impossible or the going through with an idle and futile formality.

It must be here conceded that by no process or proceedings by plaintiff or the court below could the Western Company, against its will, be made a party here, because of its absence from the state. Wisconsin legislation has no extraterritorial force, the presumption being, for purposes of statutory construction, that, unless the contrary clearly appears, a state statute is presumed to be for the regulation and control of property or persons within such state. *Pries v. Ashland L., P. & St. R. Co.* 143 Wis. 606, 608, 128 N. W. 281; *New York Cent. R. Co. v. Chisholm,* 268 U. S. 29, 31, 45 Sup. Ct. 402, 38 A. L. R. 1048; *Frick v. Pennsylvania,* 268 U. S. 473, 489, 45 Sup. Ct. 603; 25 Ruling Case Law, 781. The same subject was quite fully discussed in *Anderson v. Miller Scrap Iron Co.* 169 Wis. 106, 111, 170 N. W. 275, 171 N. W. 935.

In *Grant v. Connecticut Mut. L. Ins. Co.* 29 Wis. 125, the plaintiff sued as assignee of a life insurance policy; the defendant asserted the pendency of a suit on the policy in the District of Columbia by the administrator of the estate of the insured, and asked, in order to have a complete determination of the controversy here, that the administrator be made a

party, and relied upon the statute then containing substantially the language above quoted from the present statute, sub. (1), sec. 260.19, *supra;* and in holding that there was no error below in refusing so to do, this court evidently doubted if such provisions related to persons beyond its jurisdiction.   Page 132.

The question here is quite different from that in the cases of rival claimants to the same fund, where it has been held that equity must refuse to decide to give it to one unless all are before the court and that the plaintiff who cannot bring them into his action must be denied relief.   *Mahr v. Norwich U. F. Ins. Soc.* 127 N. Y. 452, 459, 461, 28 N. E. 391; *First Nat. Bank v. Shuler,* 153 N. Y. 163, 170, 47 N. E. 262; *Steinbach v. Prudential Ins. Co.* 172 N. Y. 471, 477, 65 N. E. 281.

We therefore feel that such statute ought not to be construed, as the ruling below in effect does, to deny a plaintiff in our courts any relief whatsoever against defendants over whom the court has obtained jurisdiction solely because in passing upon the rights of the parties then before it there is necessarily involved a material question concerning the rights or liabilities of a third person who is not and who cannot be brought within the court's jurisdiction.

That the Western Company is not an indispensable party is also clear.   If the appearing defendants in any way aided or participated with the Western Company in an unlawful breach of the contract of January, 1917, or, knowing of the existence of such contract and of a good-faith claim by plaintiff that it still had rights thereunder, thereafter maliciously aided the Western Company in any continued unlawful violation of the plaintiff's rights, they were each and all parties to a tort or wrong against the plaintiff for which each, all, or any may be held responsible for the direct and consequent damages.   Such proposition is not here challenged by defendants and could not well be under the following, out of many cases that may be found: *Martens v. Reilly,* 109

Wis. 464, 470, 84 N. W. 840; *McLennan v. Church,* 163 Wis. 411, 419, 158 N. W. 73; *Singer S. M. Co. v. Lang,* 186 Wis. 530, 536, 203 N. W. 399; *Exchange Bakery & Restaurant v. Rifkin,* 245 N. Y. 260, 157 N. E. 130; *Lamb v. S. Cheney & Son,* 227 N. Y. 418, 421, 125 N. E. 817, and many cases there cited; *Campbell v. Gates,* 236 N. Y. 457, 460, 141 N. E. 914.

To what extent the relief by way of restraint asked here against the answering defendants (as distinguished from the demand for money damages against the Western Company) comes within the recognized exceptions to the general rule that equity declines to restrain tortfeasors, is not now directly before us, for no question is raised here by respondents but that plaintiff was entitled, upon his complaint if true, to some measure of relief, severally or jointly, against the named defendants, were the Western Company also an appearing party. One such exception, viz. that against threatened or continued injury to property rights the restraining power of equity may successfully be invoked, is as firmly established as is the general rule itself (*Singer S. M. Co. v. Lang,* 186 Wis. 530, 536, 203 N. W. 399, *supra; Northern Wis. Co-op. Tobacco Pool v. Bekkedal,* 182 Wis. 571, 583, 197 N. W. 936; *Lawrence Trust Co. v. Sun-American Pub. Co.* 245 Mass. 262, 269, 139 N. E. 655, enjoining the further publication of injurious statements affecting plaintiff's business as distinguished from the refusal of an injunction as against continued libels amounting only to personal defamation, as held in *Choate v. Logan,* 240 Mass. 131, 135, 133 N. E. 582; *Hitchman C. & C. Co. v. Mitchell,* 245 U. S. 229, 260, 38 Sup. Ct. 65; *Truax v. Corrigan,* 257 U. S. 312, 340, 42 Sup. Ct. 124, 27 A. L. R. 375; *Pierce v. Society of Sisters,* 268 U. S. 510, 536, 45 Sup. Ct. 571; *Jefferson & I. C. Co. v. Marks,* 287 Pa. St. 171, 134 Atl. 430, 47 A. L. R. 745; *Parker P. & W. P. Co. v. Local Union,* 87 W. Va. 631, 105 S. E. 911, 16 A. L. R. 222), such cases being based upon general equity principles as distinguished from those under

particular statutes, as in *Duplex P. P. Co. v. Deering,* 254 U. S. 443, 465, 41 Sup. Ct. 172; *American Steel Foundries v. Tri-City Trades Council,* 257 U. S. 184, 203, 42 Sup. Ct. 72; *Bedford C. S. Co. v. Journeymen S. C. Asso.* (April 11, 1927) 274 U. S. 37, 47 Sup. Ct. 522, 71 Lawy. Ed. 581; *Columbus P. Co. v. State ex rel. Schlesinger,* 100 Ohio St. 285, 126 N. E. 291, 29 A. L. R. 1429. The plaintiff therefore shows that it has a right to come into court.

Among the facts necessary to be found in order that plaintiff may maintain its action are: a contract with the Western Company, and its unlawful breach. The first of these stands admitted; the second is disputed. But the Western Company would not have to be named or joined as a defendant in order to permit plaintiff to offer proper evidence as to either of these two separate facts. Any party hereto may have the benefit of the attendance as witnesses of officers or agents of the Western Company from without the state, and such witnesses would be within the privilege against the commencement of civil actions against them or their company. *Rix v. Sprague C. M. Co.* 157 Wis. 572, 575, 147 N. W. 1001.

Any judgment here in plaintiff's favor against any or all of the answering defendants would, the Western Company not being a party, in no sense be binding on that company so far as plaintiff is concerned, and *vice versa.* We see no more reason why the plaintiff should be prevented, as against the defendants here, from showing, if it can, in the absence, as a party, of the Western Company, the fact that the contract between plaintiff and it was unlawfully breached by the Western Company, than it could be prevented from showing that it had made such a contract in January, 1917, if such fact also were put in issue; and no valid reason why it should be barred from showing either.

The plaintiff has its election whether it will proceed against the Western Company for a breach of contract, for specific performance, or for damages for the breach of some obliga-

tion that its contract or the law imposed upon it, and the plaintiff has the further option of determining the time and forum for any such proceedings against the Western Company, and was under no obligation to either name or make the Western Company a party defendant here. The plaintiff has the choice of forum. *Chicago, M. & St. P. R. Co. v. McGinley,* 175 Wis. 565, 573, 185 N. W. 218; *Gregonis v. Philadelphia & R. C. & I. Co.* 235 N. Y. 152, 156, 158, 139 N. E. 223. It is not for the other defendants in an action based as this is upon the alleged wrongs or torts committed by such defendants to complain that another tortfeasor is not joined with them. *Helberg v. Hosmer,* 143 Wis. 620, 622, 128 N. W. 439. To sustain the ruling of the court below would, in effect, result in the permitting of the defendants appearing here to compel the plaintiff to make another tortfeasor a party litigant, and, if such demand is impossible owing to the nonresidence of such defendant, defeat absolutely the plaintiff's right as against the defendants over whom the court has obtained jurisdiction. It must be held, therefore, that the Western Company is not an indispensable party to this present litigation.

The respondents on the argument here rely largely upon the asserted proposition that the dismissal of the action by the court below was but an exercise of judicial discretion and therefore not subject to reversal by this court. Such contention, however, is clearly but a begging of the question and therefore of no effect here.

The court below should have proceeded to a trial upon the issue presented in the plea of abatement, namely, whether the conceded contract of January, 1917, between plaintiff and the Western Company had been unlawfully breached by the Western Company.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.