HANSEN, Appellant, vs. TAYLOR BEVERAGE & CANDY COMPANY, imp., Respondent.

*December 7, 1937—March 15, 1938.*

For the appellant there were briefs by *Tibbs & Tibbs* of Milwaukee, and *Miller, Kuchenberg & White* of Marinette, and oral argument by *Brooke Tibbs* and *W. L. Tibbs*.

For the respondent there were briefs by *O'Melia & Kaye* of Rhinelander, and oral argument by *A. J. O'Melia*.

The following opinion was filed January 11, 1938:

FOWLER, J. This case in its essential features is the same as that of *E. L. Husting Co. v. Coca Cola Co.* 194 Wis. 311, 216 N. W. 833; 205 Wis. 356, 237 N. W. 85, 238 N. W. 626, and is ruled thereby. The Western Company there, as here, was not served with process. The Husting Company had a contract executed by the Western Company in 1917 identical, except as to territory, with the instant Taylor contract, also executed in 1917. The defendant Wisconsin Coca Cola Company in the *Husting Case* had a bottlers' contract made in 1923 from the Western Company purporting to give the rights in Milwaukee theretofore given exclusively to Husting Company. The defendant Milwaukee Coca Cola

Company had a subbottlers' contract from the Wisconsin Coca Cola Company purporting to give rights to use the Coca Cola trade-mark and to sell as a subbottler in Milwaukee county. The Husting Company sought an injunction against the Wisconsin and Milwaukee Coca Cola Companies to restrain them from interfering with its contract rights under its earlier contract. The court held that these companies, in selling in Milwaukee county with knowledge of the Husting Company's prior contract, were aiding the Western Company in the violation of its contract with the Husting Company, and became malicious wrongdoers, and, as such, were subject to injunctional remedy restraining future interference with the Husting Company's contract. The basis of the injunctional relief was violation of the negative covenant of the Western Company by which it bound itself "not to convey, assign, or transfer the right of usage of said name [Coca Cola] in said territory to any other party whatsoever." As soon as the Wisconsin and Milwaukee Companies there, and the plaintiff here, acquired knowledge of the pre-existing contract, they, in continuing to sell over the objection of the holder of the prior contract, intentionally committed a wrongful act, from which a malicious motive is inferred. The malice implied is not "actual malice or ill-will, but the intentional doing of a wrongful act without legal or social justification." *Husting Case, supra,* 205 Wis. 356, 366, 237 N. W. 85, 238 N. W. 626.

The principles involved are so fully discussed in the *Husting Case, supra,* that we see no need for further discussion.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on March 15, 1938.