Hallows, J.
 

 The first issue is whether the mother is a necessary party plaintiff with the father in bringing an
 
 *494
 
 action for the wrongful death of their son. Sec. 331.04 (1), Stats., provides that an action for wrongful death may be brought either by the personal representative of the deceased person or by the person to whom the amount recovered belongs. Under the facts of this case the parents of the deceased are beneficiaries of the recovery for the wrongful death and also for additional damages for loss of society and companionship. Sec. 331.04 (2) and (4).
 

 Sec. 260.12, Stats., provides that parties to an action who are united in interest must be joined as plaintiffs or defendants, but if the consent of anyone who should be joined as a plaintiff cannot be obtained, he may be made a defendant and the reasons therefor stated in the complaint. The plaintiff argues that the parents are proper parties but are not united in interest so as to be necessary parties. In support of his argument, the plaintiff relies on several cases from other jurisdictions which are not determinative of the question under our statutes. In
 
 Pierce v. Conners
 
 (1894), 20 Colo. 178, 183, 37 Pac. 721, the statute provided that a wrongful-death action could be brought “by the father and mother who may join in the suit and each shall have an equal interest in the judgment.” The court said the joining by the mother in the action by the father was permissive and not imperative. In
 
 Norko v. Rau
 
 (1931), 107 N. J. L. 479, 154 Atl. 766, the father was allowed to sue alone for the death of his child under the Pennsylvania wrongful-death statute. The question was not raised in the pleadings, but by objection to testimony. Under the prior constructions of the statute the father or the mother could sue alone under some circumstances, and the court assumed that the one parent was suing on behalf of both. Leave was granted, however, that if the assumption was wrong, the mother could apply to be made a party. The court also concluded that unless a suit was allowed to be brought by one parent he would be deprived of his statutory
 
 *495
 
 right by the refusal or indifference of the other parent. Such reasoning is not applicable here because of sec. 260.12, allowing a necessary plaintiff who refuses to join the action to be made a defendant.
 

 The plaintiff also relies on several Wisconsin wrongful-death cases which either involved the reduction of the amount of recovery because of the contributory negligence of one of the plaintiffs or barred recovery on other grounds. In
 
 Munsert v. Farmers Mut. Automobile Ins. Co.
 
 (1939), 229 Wis. 581, 281 N. W. 671, both parents sued but the father was denied recovery for damages resulting from the death of his minor son caused by the wrongful act of the deceased’s minor brother, and the mother’s allowance was restricted to one half of the amount awarded by the jury. The action was against the father’s insurance company directly and the decision rests on a clause in his automobile liability policy which excluded recovery by him because he was the named insured.
 
 Hansberry v. Dunn
 
 (1939), 230 Wis. 626, 284 N. W. 556, likewise does not support the plaintiff’s contention. Both parents sued but the jury assessed 45 per cent of the negligence to the mother who was the driver of' one of the cars which collided, killing the infant. The court allowed the father to recover one half of the damages awarded, but reduced the mother’s share 45 per cent. In
 
 Reber v. Hanson
 
 (1952), 260 Wis. 632, 51 N. W. (2d) 505, both parents sued for the wrongful death of their infant son and recovery was defeated because of their contributory negligence.
 

 The diminishing or defeat of the amount of recovery because of contributory negligence of a beneficiary under the wrongful-death statute is provided for in sec. 331.045, Stats. It does not logically follow that because the recovery by one of a class of beneficiaries designated in the wrongful-death statute is diminished or defeated, that each member of the class has a separate and distinct cause of action or
 
 *496
 
 their interests are not united. A cause of action may be vested in several persons and their recovery on the cause of action may vary according to the particular damage to the individual members of the class. Neither is it necessary under the wrongful-death statute for the beneficiaries or the owners of the cause of action to bring the action. Such a cause of action may be enforced by the personal representative of the deceased and the same rule of diminishing the amount of recovery because of contributory negligence would apply.
 

 The language in
 
 Fiel v. Racine
 
 (1930), 203 Wis. 149, 233 N. W. 611, in some respects supports the plaintiff’s contention but must be read in connection with the facts. The mother sued alone for the wrongful death of her minor son. She had divorced the boy’s father and remarried, and the boy’s father, whose whereabouts was unknown, had abandoned the son. In disposing of the objection that the father was a necessary party, this court stated that under the circumstances the father was not entitled to share in the recovery because under the statutes the mother had a right to the earnings of the minor when the father abandoned the child. The court then cited 8 R. C. L., Death, p. 770, sec. 54, to the effect that either parent may sue alone. The full statement of the rule is:
 

 “In some jurisdictions it is expressly provided that all parties interested may join as parties plaintiff in a suit for wrongful death, and such joinder is required in some cases.”
 

 The same statement of the rule is found in 16 Am. Jur., Death, p. 190, sec. 273. At the time the plea in abatement was interposed, the father-plaintiff was not the only person to whom the amount recovered belonged under the wrongful-death statute. This is recognized by the plaintiff who later obtained an assignment of her interest from the mother.
 

 It has been held many times that the wrongful-death statute creates a new cause of action, not for the injury
 
 *497
 
 to the decedent, but for the loss sustained by the beneficiaries because of the death, and such cause of action is distinct from any cause of action which the deceased might have had if he had survived.
 
 Brown v. Chicago & N. W. R. Co.
 
 (1899), 102 Wis. 137, 77 N. W. 748, 78 N. W. 771;
 
 McMillan v. Spider Lake Saw Mill & Lumber Co.
 
 (1902), 115 Wis. 332, 91 N. W. 979;
 
 Robertson v. Chicago, St. P., M. & O. R. Co.
 
 (1904), 122 Wis. 66, 99 N. W. 433. This view is based on the better reasoning of the nature of the wrongful-death statutes and is supported by courts generally and by the recent trend of authorities. 16 Am. Jur., Death, p. 48, sec. 61.
 

 In
 
 Huse v. Consolidated Freightways
 
 (7th Cir. 1955), 227 Fed. (2d) 425, it is stated that under sec. 331.04 (2), Stats., a father has a joint interest with his wife in any recovery of damages by reason of the alleged wrongful death of his son. There are no Wisconsin cases deciding the nature of the interest of the beneficiaries under the wrongful-death statute in relation to sec. 260.12. We hold a cause of action for wrongful death is a single cause of action with ownership thereof vested in “the person to whom the amount recovered belongs” as designated in sec. 331.04 (2). Such persons are united in interest within the meaning of sec. 260.12. Sec. 331.04 (3) is not contrary to this holding and does not support the plaintiff’s contention. That section provides, in effect, that if separate actions are brought for the same wrongful death, they must be consolidated, and unless a consolidation is effected so that a single judgment within the limits of the amount of recovery provided for in the statute may be entered, only the action of the personal representative is permitted to proceed. This section must be read with sub. (1) of sec. 331.04, which provides:
 

 “An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.”
 

 
 *498
 
 Neither of these sections authorizes the commencement of an action for wrongful death by a person to whom only part of the recovery belongs.
 

 The next question is whether the plaintiff could cure the defect of parties plaintiff by the mother’s assignment of her interest to him and her execution of the agreement and consent to be bound by the judgment. The complaint as filed was subject to objection of a defect of parties plaintiff. Since this defect did not appear on the face of the pleadings, a demurrer would not lie. Sec. 263.06, Stats. The objection was properly raised by the answer as required by sec. 263.11. If the objection had not been so raised it would have been waived. A plea in abatement does not go to the merits of the cause of action but to the form of the writ used by the plaintiff. If true when interposed, the plea in abatement either defeats the pending suit or suspends the suit or proceeding in which it is interposed, but does not bar the plaintiff from recommencing the action in some other way.
 
 Winneconne v. Winneconne
 
 (1901), 111 Wis. 10, 86 N. W. 589;
 
 Binsfeld v. Home Mut. Ins. Co.
 
 (1944), 245 Wis. 552, 15 N. W. (2d) 828; 3 Callaghan’s, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 426, sec. 21.19. The one exception is when a plea in abatement is made on the ground that there is another action pending and such action is dismissed prior to the hearing on the plea.
 

 The trial court allowed the plaintiff to cure the defect in his pleadings by an assignment of the cause of action by his wife and by her agreement and consent to be bound by the judgment. The plaintiff contends this was proper under
 
 Patitucci v. Gerhardt
 
 (1932), 206 Wis. 358, 240 N. W. 385, an automobile case, wherein the plaintiff had been paid a collision loss and subrogated that part of his cause of action by an assignment to the insurance company which was not a party to the action. The matter was not discovered until it was brought out during the trial on cross-
 
 *499
 
 examination. Judgment for the plaintiff was reversed on appeal and the cause remanded with directions to grant a new trial unless the insurance company filed with the trial court a release of its damages against the defendant. This was a practical method in the interest of justice to avoid a new trial. In the instant case no trial on the merits has been had and no reason given in the brief or pointed out why the plaintiff and the mother of the deceased child cannot start the action over or how they would be prejudiced thereby.
 

 The plea of abatement speaks as of the time it is interposed, not at the time of hearing, and the plaintiff cannot, while a motion for summary judgment on the plea is pending, become the assignee of the cause of action or an interest in the cause of action in order to defeat the special plea. Sec. 269.43, Stats., applicable to mistakes and omissions, contemplates immaterial errors and does not apply to the facts of this case.
 

 While summary judgment generally goes to the merits,
 
 Blooming Grove v. Madison
 
 (1957), 275 Wis. 328, 81 N. W. (2d) 713, in this case it does not do so because it was based on a plea in abatement. Such was the situation in the
 
 Binsfeld Case, supra.
 
 Under the summary-judgment statute, sec. 270.635, the defendants are entitled to judgment if the proof of their defense is sufficient to defeat the plaintiff. Such proof need not necessarily defeat the plaintiffs cause of action. The plaintiff, therefore, should not be foreclosed from recommencing an action in proper form.
 

 By the Court.
 
 — The order of the circuit court is reversed, with directions to enter a summary judgment dismissing the action without prejudice to timely recommencement of another action for the alleged wrongful death.
 

 Fairchild, J., dissents.