BORDE, Plaintiff and Respondent, v. HAKE and others, Defendants and Appellants: HERITAGE MUTUAL INSURANCE COMPANY, Defendant and Respondent: MOEN and others, Impleaded Defendants and Respondents.

*No. 144. Argued September 2, 1969.—Decided September 30, 1969.*
(Also reported in 170 N. W. 2d 768.)

The cause was submitted for the appellants on the brief of *Block & Summers,* attorneys, and *Richard E. Rosenberg* of counsel, all of Janesville, and for the plaintiff-respondent on the brief of *George H. Murwin* of Janesville.

HEFFERNAN, J. Neither of the parties to this lawsuit seriously disputes the propriety of the judge's order abating the entire lawsuit. The dispute, as the parties see it, centers on whether the action should be merely suspended, as contended by the plaintiff, until the necessary party cannot be joined; or whether, as contended by the defendants, the suit should have been dismissed without prejudice. At first impression the distinction between these two positions would appear to be without substantial difference. However, the statute of limitations on the personal injury expired on July 9, 1965, and the plaintiff fears that a dismissal without prejudice would in fact require the commencement of a suit *ab initio* and make it possible for the defendants to raise the defense of the statute of limitations. He therefore contends that the trial judge properly suspended the lawsuit pending the joinder of Heritage Mutual. The defendants, on the other hand, take the position that the plaintiff should be required to recommence his suit if he is able to do so. It is his obvious hope that the plaintiff will not be able to do so because of the three-year statute of limitations.

In the trial court the defendants as well as the judge relied upon the principles set forth in *Patitucci v. Gerhardt* (1932), 206 Wis. 358, 240 N. W. 385. That case holds that, when a plaintiff sues for damages to his automobile and he has previously been paid by his own insurer under a collision policy, that insurer is an indispensable party to the lawsuit and, in the event the plaintiff fails to join his collision insurer, the cause of action is subject to abatement for failure to join a necessary party. In *Patitucci*, at page 362, we said:

"The claim against the defendant by reason of his tortious act has been said to be indivisible and to be based upon a single liability. By operation of law the ownership of a part of this claim has become vested in the insurance company by reason of its payment of the loss.

If this presents to the court a single controversy, it must be apparent that a complete determination of it cannot be had without the presence of all of the parties *who together own the cause of action."* (Emphasis supplied.)

Both parties and the trial judge concluded that the ruling of *Patitucci* and subsequent holdings of this court dictate the abatement not only of the plaintiff's claim for property damages but also the claim for personal injuries brought in the same complaint. If that conclusion is incorrect, then, of course, we need not concern ourselves with whether the personal injury action is suspended or dismissed without prejudice, for it ought not to have been abated at all.

While the parties hereto and the trial judge's opinion evince a proper understanding of the usual application of the rule set forth therein, we are obliged to conclude that in this case they have given it a scope beyond that which was ever intended or which could be rationally supported. *Patitucci,* as demonstrated by the language quoted above, makes common ownership of a claim or right of action reason for requiring all parties to that ownership to be joined in a single action. It is clear, as the trial court properly concluded, the ownership in the property damage claim is vested in not only the plaintiff but in the insurance company which has acquired *pro tanto* a portion of the claim by its payment. As to this claim or this right of action, it is absolutely clear that Heritage Mutual is an indispensable party and must be joined as a condition to the further disposition of that portion of the lawsuit. This does not, however, mean that Heritage Mutual is an indispensable party to the separate claim for personal injury though it arises out of the same set of operative facts and the same cause of action.

In *Caygill v. Ipsen* (1965), 27 Wis. 2d 578, 583, 135 N. W. 2d 284, we reaffirmed and restated the Pomeroy proposition that a cause of action arises when there is

an invasion of a primary right of a plaintiff as a consequence of closely related incidents or operative facts. In *Caygill* the emphasis was upon the relationship of the operative facts. Therein we stated that, even though the same primary right of a plaintiff was invaded—in that case the plaintiff's right to be free from bodily injury—separate causes of action arose when the injuries to plaintiff's back were occasioned by several rear-end collisions at widely spaced time intervals. We held in that case that, since there were separate operative facts not reasonably related in time, there were separate causes of action, even though the same primary right of the plaintiff had been invaded. In this case, the defendant's conduct at the time of the accident resulted in but one *cause* of action but two separate claims or *rights* of action. The single set of operative facts, the negligent conduct of the defendant, resulted in the invasion of plaintiff's primary right to be free of the consequences of such conduct. A single cause of action thereby arose which may be enforced by a right of action for the recovery of damages to the plaintiff's property and a separate right of action for personal injuries.

In *Booth v. Frankenstein* (1932), 209 Wis. 362, 368, 245 N. W. 191, in deciding a case in which the plaintiff's automobile was damaged and he also suffered personal injuries, we said:

"We think the primary right of the plaintiff in such a case as here presented is to be free from damage to person or property by reason of the negligent acts of others. We simply decline further to classify plaintiff's primary right, or to consider his rights to security of person to be distinct and separate from his right to the same security with respect to his property. When the negligent act of the defendant culminates in damage to person or property, a cause of action is created in the plaintiff, and he may as an incident to his recovery have all the damages which proximately flow from the violation of his right."

While Heritage Mutual and the plaintiff are united in interest in the claim for property damage, it is readily apparent that the collision insurer has absolutely no interest in, or relationship to, the plaintiff's claim for personal injuries. As Clark points out in *Code Pleading* (hornbook series, 2d ed.), p. 137, sec. 19:

"The cause of action must, therefore, be such an aggregate of operative facts as will give rise to at least one right of action, but it is not limited to a single right . . . ."

Heritage Mutual is by reason of subrogation united in interest in plaintiff's right of action to recover damages for the property loss to his automobile. It has no interest in the separate right of action for personal injuries.

While it is highly desirable that all related factual circumstances be considered in a single trial, there is no requirement that all proper parties under secs. 260.10 and 260.11, Stats., must be joined. It is only those parties who are denominated as necessary or indispensable parties in secs. 260.12 or 260.13 who must be joined and whose absence will result in a defective lawsuit.

We therefore conclude that the order of the trial judge abating plaintiff's complaint *in toto* was error. Only that portion of the complaint relating to property damage which required the joinder of the subrogated insurance company as a necessary party ought to have been abated. The right of action for personal injuries was unaffected by this defect in a separate right of action. The trial judge could, however, in his discretion have adjourned the proceedings on the personal injury claim for a reasonable time until Heritage Mutual could be joined and the right of action for damages perfected, should he consider it in the interest of trial convenience to handle all related factual matters together.

It thus appears that the record, properly viewed, results in a situation where the personal injury action may

continue unimpaired. What, however, of the cause of action for damages to the plaintiff's motor vehicle? It appears that, following the issuance of the order the plaintiff, on the 12th day of November, 1968, served Heritage Mutual with a copy of an amended summons and complaint ostensibly making Heritage Mutual a party defendant to the action. The period of limitations on a property damage claim is six years (sec. 893.19, Stats.). A claim for property damages arising out of this accident should have been brought by July 9, 1968, and any action brought subsequent thereto is subject to the defense of the statute of limitations.

We conclude that, until such time as Heritage Mutual was joined, the plaintiff's cause of action brought without the joinder of a necessary party was wholly ineffectual to stop the running of the statute of limitations on that claim. Moreover, the joinder of a necessary party subsequent to the running of the statute of limitations comes too late to cure the omission. *Ausen v. Moriarty* (1954), 268 Wis. 167, 173, 67 N. W. 2d 358.

The plaintiff's brief argues that if the action has been commenced against one party prior to the running of limitations and the plaintiff inadvertently fails to join a necessary party as plaintiff or defendant, it would be inequitable to throw out the whole cause of action merely because the defect was not cured until it was too late to sue over within the period of limitations. We do not dispute the equities of the plaintiff's assertion. We point out that in *Haase v. Sawicki* (1963), 20 Wis. 2d 308, 121 N. W. 2d 876, this court concluded that, once a defendant was freed of potential liability by the running of a statute of limitations in a civil suit, the legislature could not retroactively extend that period of limitations, and that to do so would subject a defendant to liability without due process of law in violation of the Constitution of the United States.

It is, of course, true that the defense of limitations has not been pleaded by any of the parties herein, and we need not conclude, on the basis of the record before us, that the defendants will assert the statute of limitations on the basis that the claim of Heritage Mutual comes too late. On the present state of the record, it appears that Heritage Mutual is a party to this lawsuit, and the failure to join an indispensable party has been rectified. Whether the plaintiff can continue to assert his property damage claim will have to abide the action of the parties in subsequent proceedings.

The effect of this opinion is to affirm the order of the trial court insofar as it permitted the continuation of the personal injury suit. We, therefore, affirm the trial court with modifications. The order of the trial court should have provided that:

"1. The defendant's plea in abatement to the action for property damage is hereby sustained; and

"2. Further proceedings on the personal injuries action are hereby suspended until such time as Heritage Mutual, a necessary party united in interest in the plaintiff's property damage claim, may be joined in the lawsuit either as a plaintiff or as a defendant."

The remainder of the order is affirmed. By this opinion we conclude that a plea in abatement properly brought for the failure to join a party affects only that portion of a cause of action to which the party is indispensable but does not affect other rights of action that arise out of the same cause of action and which can be properly brought in the same lawsuit. We also conclude that the joining of one of a number of necessary parties within the period of the limitations does not permit the subsequent joinder of other necessary parties following the running of the period of limitations if that defense is asserted.

*By the Court.*—Order modified as stated in the opinion and as so modified, affirmed.