RELIANCE INSURANCE COMPANY, Plaintiff,

v.

WISCONSIN NATURAL GAS COMPANY, Defendant.

No. 72–C–691.

United States District Court, E. D. Wisconsin.

Aug. 14, 1973.

Frisch, Dudek, Slattery & Denny, by William A. Denny, Milwaukee, Wis., for plaintiff.

Prosser, Wiedabach, Koppa, Lane & Quale, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Wisconsin Natural Gas Company (Gas Co.) has moved this court for an order dismissing the complaint of Reliance Insurance Company (Reliance) pursuant to Rule 12(b), Federal Rules of Civil Procedure.

The premises and contents of the South Side Pharmacy, Inc. (South Side), a Wisconsin corporation, were destroyed by fire on December 20, 1971. When the smoke cleared, Gas Co. emerged as the defendant in two lawsuits, each alleging that the fire was caused through the Gas Co.'s negligence. One of the plaintiffs, Reliance, a Pennsylvania corporation, commenced this action on December 19, 1972. Reliance indemnified South Side pursuant to the terms of a fire insurance policy in force at the time of the conflagration, and is a partial subrogee to the claims of South Side.

On March 26, 1973, South Side commenced its own action against Gas Co. in the circuit court for Waukesha county to recover its alleged uninsured damages. It is undisputed that the subject matter or occurrence which forms the basis of each lawsuit is the same.

Gas Co. argues that South Side is a real party in interest under Rule 17 and must be joined as a party plaintiff because it is an "indispensable" party or a "necessary" party for purposes of Rule 19. It follows, urges the defendant, that this court lacks diversity jurisdiction. The positions of the parties have been fully briefed. I conclude that the defendant's motion to dismiss this action should be granted.

■ An insurer-subrogee is a "real party in interest" under Rule 17. United States v. Aetna Casualty and Surety Company, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). *Aetna* distinguished the situation where an insurer-subrogee pays the entire loss and may sue in its own name, from the case of mere partial subrogation, where both the insured and the insurer own a portion of the substantive right and should appear in the litigation in their own names.

■■ However, a real party in interest, under Rule 17, is not necessarily an "indispensable party" for purposes of Rule 19 compulsory joinder. An action will not be dismissed if joinder of a party otherwise necessary would destroy diversity, unless under the provisions of Rule 19, it is determined that such party should be regarded as "indispensable". Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); Virginia Electric & Power Co. v. Carolina Peanut Co., 186 F.2d 816 (4th Cir. 1951); and Potomac Electric Power Co. v. Babcock & Wilcox Co., 54 F.R.D. 486 (1972).

In 1966, Rule 19 was extensively revised. One of the principal purposes of the revision was to emphasize that pragmatic considerations should control the determination of the indispensability of parties whose joinder is in question. See Potomac Electric Power Co. v. Babcock & Wilcox Co., *supra*. In its present form, Rule 19 provides in pertinent part as follows:

"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

"(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

■ Diversity would be destroyed if South Side were a party, but in its absence, I doubt that complete relief can be accorded to the other parties. This is particularly true as to the defendant, who may be subject to inconsistent obligations. It follows that South Side is "a person as described in subdivision (a)(1)–(2) hereof [which] cannot be made a party", and that the inquiry in this case must be made under Rule 19(b) to determine whether the action should proceed without South Side or should be dismissed. Applying the Rule 19(b) factors to this case, I conclude that South Side should be regarded as indispensable in this federal court action.

In South Side's pending state suit, Reliance is clearly an indispensable party. See Borde v. Hake, 44 Wis.2d 22, 170 N.W.2d 768 (1969). While the latter fact is not determinative of the issue of

**432**

South Side's indispensableness in this federal court action, it demonstrates that Reliance has available to it—in a suit which has already been filed by South Side—another forum. Therefore, the fourth and perhaps most important factor specified in Rule 19(b) has been satisfied, inasmuch as Reliance will have an adequate remedy if this action is dismissed. See Potomac Electric Power Co. v. Babcock & Wilcox Co., *supra*, 54 F.R.D. at 491.

The test under Rule 19(b) is "equity and good conscience", and this implies that the court has a measure of discretion in applying the Rule 19(b) guidelines. For all the reasons stated above, I am persuaded that the defendant's motion should be granted.

Therefore, it is ordered that the defendant's motion to dismiss the complaint be and hereby is granted.

It is also ordered that the action be and hereby is dismissed, without prejudice.