KOCHEL and another, Appellants, v. HARTFORD ACCIDENT & INDEMNITY COMPANY and another, Respondents.

*No. 299. Argued November 25, 1974.—Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 604.)

406

For the appellants there were briefs by *Wickhem, Consigny, Sedor, Andrews & Hemming, S. C.,* and oral argument by *Robert G. Krohn,* all of Janesville.

For the respondents there was a brief by *Campbell, Brennan, Steil & Ryan, S. C.,* and oral argument by *Durant S. Abernethy, III,* all of Janesville.

WILKIE, C. J. This is a wrongful-death action brought by plaintiffs-appellants, two of the deceased's five children. The trial court rendered summary judgment against plaintiffs for nonjoinder of their three sisters, daughters of the deceased by a prior marriage, whom the court found to be indispensable parties. From an order denying their motion to review the grant of summary judgment, plaintiffs appeal. We reverse.

On May 30, 1969, Jerry Kochel was killed in a head-on automobile crash in Taylor county. Plaintiffs commenced this action on June 29, 1971, against the driver of the other car, defendant-respondent Daniel C. Peterson, and his insurer, defendant-respondent Hartford Accident & Indemnity Company, among others. Defendants filed an answer, a plea in abatement, and a motion for summary judgment on the grounds of failure to join necessary parties, the plaintiffs' three sisters.[1] A supporting affidavit established that the deceased was survived by five

---

[1] Another ground asserted was the pendency of a wrongful-death action by plaintiffs' mother. However, the mother subsequently died and the action was dismissed.

adult children, the two plaintiffs and the three sisters. Plaintiffs filed a counteraffidavit containing a portion of the deceased's will naming only the plaintiffs as beneficiaries and excluding the sisters. The affidavit was used to support an argument that the three sisters suffered no pecuniary loss due to their father's death and that they were therefore not indispensable parties.

The trial court granted the defendant's motion for summary judgment but suspended its order for thirty days to give plaintiffs a chance, if they chose to do so, to join as parties their three sisters. No such joinder occurred, and on January 24, 1973, the trial court finalized its grant of summary judgment, and dismissed plaintiffs' complaint. Notice of entry of this judgment was served on plaintiffs on January 31, 1973. Plaintiffs appealed from the judgment on June 26, 1973, after the three-month time limit prescribed by sec. 274.01, Stats., had expired. Consequently, on September 24, 1973, this court granted defendants' motion to dismiss the appeal from the judgment.

On February 27, 1973, before taking an appeal here on the January 31, 1973, order, plaintiffs made a motion asking the trial court to reconsider its decision to grant summary judgment. To support their motion, plaintiffs filed three affidavits in hopes of establishing that the sisters were not indispensable parties:

(1) In an affidavit dated February 9, 1973, Hazel Schlosser said she lived in Rockford, Illinois, and had not been present or domiciled in Wisconsin since her father's death. She said she suffered no pecuniary loss as a result of her father's death, and renounced any interest in the plaintiffs' action. Finally, she said her sister, Barbara Shank, was residing somewhere in London, England, had also not been present in Wisconsin since her father's death, had no pecuniary loss from the death, and did not want to join the suit.

(2) In an affidavit dated February 16, 1973, Marie Erickson, another sister, said she lived in Austin, Texas, and then repeated the same disclaimers contained in her sister's affidavit concerning her absence from Wisconsin, lack of pecuniary loss from the father's death, and disinterest in plaintiffs' suit.

(3) In an affidavit dated February 26, 1973, Robert Krohn, an attorney for plaintiffs, said he had been unable to locate the third sister, Barbara Shank, in London, and that he believed she was traveling throughout Europe, her exact whereabouts unknown.

The trial court denied plaintiffs' motion in an order dated May 15, 1973, and plaintiffs have taken the present appeal from that order. Defendants then made a motion to this court asking that this second appeal be dismissed on the ground the order was not appealable. On September 24, 1973, the motion was denied without opinion. Thus the matter before the court now is the appeal from the May 15, 1973, order.

The sole issue presented by this appeal is whether an action for the wrongful death of a father, whose spouse is deceased, can be commenced by his two sons without joinder of his three daughters.

Wrongful-death actions are purely statutory.[2] Sec. 895.04, Stats., prescribes who may bring such an action, and there is no dispute here that plaintiffs and their three sisters are the appropriate persons.[3] The trial

---

[2] *Schnabl v. Ford Motor Co.* (1972), 54 Wis. 2d 345, 195 N. W. 2d 602, 198 N. W. 2d 161; *Kelly v. Mohrhusen* (1971), 50 Wis. 2d 337, 184 N. W. 2d 149; *Cogger v. Trudell* (1967), 35 Wis. 2d 350, 151 N. W. 2d 146.

[3] *Cogger, supra,* footnote 2, at page 354. Sec. 895.04 (1), Stats., provides:

"**Plaintiff in wrongful death action.** (1) An action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs."

court relied principally on *Truesdill v. Roach* [4] in holding the plaintiffs' failure to join their sisters fatal.

The trial court correctly noted that in *Truesdill* this court held that the persons statutorily empowered to sue for wrongful death are united in interest within the meaning of sec. 260.12, Stats.,[5] and therefore indispensable parties who must be joined. The facts in *Truesdill* are somewhat similar to the facts in the case at bar. The plaintiff father sued for the wrongful death of his eighteen-year-old son, but the mother was not made a party. The defendants filed an answer containing a plea in abatement and made a motion for summary judgment. Subsequent to this motion, the mother executed a document assigning her interest in the action to the father, and consenting to be bound by the judgment. The trial court denied the motion for summary judgment, but this court reversed.

This court said the assignment came too late because the "plea of abatement speaks as of the time it is interposed." [6] Furthermore, the court ruled:

---

Since the deceased was survived by his spouse, but the spouse then died, the right to sue passed to the lineal heirs of the deceased as provided in the following portion of sec. 895.04 (2):

". . . If there are no . . . surviving minor children, the amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to the deceased's lineal heirs as determined by s. 852.01; if no lineal heirs survive, to the deceased's brothers and sisters. If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death."

Plaintiffs and their three sisters, as children of the deceased, are the lineal heirs to whom the cause of action is given.

[4] (1960), 11 Wis. 2d 492, 105 N. W. 2d 871.

[5] The relevant portion of sec. 260.12 provides as follows:

"**Parties united in interest to be joined;** . . . Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should be joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the complaint; and when the question . . . ."

[6] 11 Wis. 2d at 499.

". . . We hold a cause of action for wrongful death is a single cause of action with ownership thereof vested in 'the person to whom the amount recovered belongs' as designated in sec. 331.04 (2). Such persons are united in interest within the meaning of sec. 260.12." [7]

The court said that therefore "commencement of an action for wrongful death by a person to whom only part of the recovery belongs" [8] was not permissible. The court also held that while summary judgment ordinarily goes to the merits, where it is based on a defect in parties raised by a plea in abatement, the plaintiffs could recommence the action if it were restructured in the proper form.

Finally and importantly, it must be noted that in directing the trial judge to enter summary judgment against plaintiff, the court said:

". . . In the instant case . . . no reason [has been] given in the brief or pointed out why the plaintiff and the mother of the deceased child cannot start the action over or how they would be prejudiced thereby." [9]

Here is the difference, however, between the instant case and *Truesdill*. In relying on *Truesdill* to deny plaintiffs' motion to reverse the grant of summary judgment in the case at bar, the trial court here found it immaterial (a) whether the absent parties were beyond the court's jurisdiction, (b) whether they had renounced interest in the action, or (c) whether the statute of limitations had run as to either the plaintiffs or their sisters. Plaintiffs attack the trial court's action here, contending that the instant situation is different in all of these particulars.

A. *Jurisdiction over parties.*

Plaintiffs contend that the affidavits presented to the trial court show their three sisters are beyond the juris-

---

[7] *Id.* at page 497.

[8] *Id.* at page 498. *Accord: Vande Hei v. Vande Hei* (1968), 40 Wis. 2d 57, 66, 67, 161 N. W. 2d 379.

[9] 11 Wis. 2d at 499.

diction of the court and that therefore, according to *E. L. Husting Co. v. Coca-Cola Co.*[10] they are not indispensable parties and the action may proceed without them. Three subissues must be considered in this regard: (1) Would inability to secure personal jurisdiction over the sisters obviate their indispensability? (2) Do the affidavits presented to the trial court establish inability to secure personal jurisdiction over the absent parties; and (3) were the affidavits properly before the trial court?

(1) *Would inability to secure personal jurisdiction over the sisters obviate their indispensability?*

In *E. L. Husting v. Coca-Cola Co., supra,* the plaintiff sued the Western Coca-Cola Bottling Company, which gave plaintiff the exclusive right to sell Coca-Cola products in the Milwaukee area, for damages from breach of contract. Plaintiff also sought injunctive relief against Western and several other corporate defendants who allegedly participated in causing the breach. Personal jurisdiction was obtained over all defendants but Western who could not be served because, under the then-existing statutes, service of process outside Wisconsin was not possible. The lower court dismissed plaintiff's complaint, holding Western an indispensable party in whose absence no suit could proceed.

This court reversed, ruling that joinder statutes should not be construed to require the impossible:

". . . we think that a statute such as the one here invoked, even though mandatorily and expressly requiring our courts to make some third person a party to a pending action, carries with it, by implication and by force of necessity, the limitation that it is intended to apply only to such third persons who are so situated as to be within the power of a then party to the action or of the court itself to bring within the court's jurisdiction.

---

[10] (1927), 194 Wis. 311, 216 N. W. 833, commented upon with approval in *Heifetz v. Johnson* (1973), 61 Wis. 2d 111, 211 N. W. 2d 834.

Otherwise it would be requiring of parties or courts the performing of the impossible or the going through with an idle and futile formality." [11]

The court said that even though the absent party's rights would be materially affected by the litigation, the plaintiff could still proceed:

"We therefore feel that such statute ought not to be construed, as the ruling below in effect does, to deny a plaintiff in our courts any relief whatsoever against defendants over whom the court has obtained jurisdiction solely because in passing upon the rights of the parties then before it there is necessarily involved a material question concerning the rights or liabilities of a third person who is not and who cannot be brought within the court's jurisdiction." [12]

Finally the court concluded:

". . . To sustain the ruling of the court below would, in effect, result in the permitting of the defendants appearing here to compel the plaintiff to make another tortfeasor a party litigant, and, if such demand is impossible owing to the nonresidence of such defendant, defeat absolutely the plaintiff's right as against the defendants over whom the court has obtained jurisdiction. It must be held, therefore, that the Western Company is not an indispensable party to this present litigation." [13]

The decision in *Husting* was recently reaffirmed in *Heifetz v. Johnson*,[14] where the court held, withdrawing any contrary language in *Borde v. Hake*,[15] that failure to join all indispensable parties was not a jurisdictional defect.[16] Thus, where the absent party cannot be joined,

---

[11] 194 Wis. at 317.

[12] *Id.* at page 318.

[13] *Id.* at page 321.

[14] (1973), 61 Wis. 2d 111, 121, 211 N. W. 2d 834.

[15] (1969), 44 Wis. 2d 22, 170 N. W. 2d 768.

[16] Concerning *Husting*, the court in *Heifetz* said:

"Earlier Wisconsin cases also support the position that failure to join an indispensable party is not a jurisdictional defect. In

plaintiffs may nevertheless proceed with the action. If, in the instant case, personal jurisdiction cannot be obtained over the three sisters, plaintiffs' action is not defeated.

Defendants argue that an exception recognized in *Heifetz* to the above equitable rule should apply here. In *Heifetz,* the court said that where parties were indispensable by virtue of joint ownership in the sense of being joint payees of a note, then failure to join them all is fatal regardless of their unavailability.[17] However, the persons vested with the right to sue for wrongful death are not joint owners in this sense. Joint payees of a note are entitled to one undivided recovery because of the inherent nature of their claim. If one sues and recovers, the other would be left with no cause of action. However, wrongful-death claimants are only entitled to recover to the extent of each individual's provable loss.[18]

---

*E. L. Husting Co. v. Coca-Cola Co.* the court reversed a dismissal of an action for lack of an indispensable party. The trial court viewed sec. 260.19, Stats. 1927, as mandatorily requiring the joinder of an absent party and because it could not be done the court held that the action must fail. The Wisconsin Supreme Court construed this statute, even though mandatorily and expressly requiring the courts to make some third person a party, to apply only to those parties who could be brought within the jurisdiction of the court. Thus the action could continue even though a necessary party defendant was in Texas and at that time beyond the reach of process. Thus this court did not view the lack of an indispensable party as a jurisdictional defect or as a violation of a constitutional due process right. The statute was only construed to require the possible. The joinder of indispensable parties was seen as a desirable goal of judicial administration and fairness to the defendant but not as preventing any action whatsoever if all indispensable parties are not joined." 61 Wis. 2d at 121.

*See also:* Conway, *Wisconsin and Federal Civil Procedure,* sec. 13.02, p. 13–3.

[17] 61 Wis. 2d at 120.

[18] 11 Wis. 2d at 496.

A cause of action for wrongful death, therefore, does not fall within the exception specified in *Heifetz*, for joint owners suing to enforce a joint claim. Since the damages and recovery of each wrongful-death claimant can be separately determined in a wrongful-death action, it follows that where all indispensable parties cannot be brought before the court those parties present should be allowed to proceed with the suit and seek their individual recoveries.

(2) *Do the affidavits presented to the trial court establish inability to secure personal jurisdiction over the absent parties?*

Although this point has not been contested by the defendant in the trial court, or here on appeal, the next question that must be considered is whether plaintiffs have established that personal jurisdiction cannot be obtained over their three absent sisters.

The trial court, relying on the erroneous legal theory that inability to obtain jurisdiction was irrelevant, found it unnecessary to rule on this question. A remand to the trial court for such a finding is unnecessary, however, because the affidavits presented by plaintiffs in the lower court permit us to make the finding; and the trial court erred on other grounds discussed later in the opinion.

Hazel Schlosser and Marie Erickson state in their affidavits that they are not domiciled in Wisconsin, and have not been present here since their father's death. Schlosser makes the same representations concerning her sister, Barbara Shank. These representations show a lack of the requisite minimum contacts with this state necessary to achieve personal jurisdiction under sec. 262.05, Stats. Moreover, plaintiffs' attorney filed an affidavit representing that Barbara Shank was traveling somewhere in Europe, exact address unknown. Service under sec. 262.06, appears impossible. (Plaintiffs' brief says Shank is now dead.)

These affidavits were unrebutted by defendants who had the burden of proof concerning this issue.[19] Moreover, the use of affidavits to establish proof of grounds for personal jurisdiction over nonappearing parties, at least in default judgment cases, is specifically authorized by sec. 262.18 (1), Stats.[20]

Therefore, we conclude that the affidavits filed by plaintiffs show that their three sisters are beyond the potential jurisdiction of the court, and since uncontroverted by defendants, should be considered conclusive on the issue.

(3) *Were the affidavits properly before the trial court?*

The order appealed from denied a sec. 269.46 (3), Stats., motion for reconsideration of the judgment. Sec. 269.46 (3) provides:

"(3) All judgments and court orders may be reviewed by the court at any time within 60 days from service of notice of entry thereof, but not later than 60 days after the end of the term of entry thereof." [21]

---

[19] *See: Afram v. Balfour, Maclaine, Inc.* (1974), 63 Wis. 2d 702, 707, 218 N. W. 2d 288.

[20] Sec. 262.18 (1), Stats., provides: **"Judgment against nonappearing defendant; proof of jurisdiction.** Where a defendant fails to appear in the action within the time fixed in s. 262.10 (2) the court shall, before entering a judgment against such defendant, require proof of service of the summons in the manner required by s. 262.17 and, in addition, shall require further proof as follows: "(1) WHERE PERSONAL JURISDICTION IS CLAIMED OVER THE DEFENDANT. Where a personal claim is made against the defendant, the court shall require proof by affidavit or other evidence, to be made and filed, of the existence of any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction over the defendant. The court may require such additional proof as the interests of justice require."

[21] The court's order was entered more than sixty days after the judgment was rendered. However, before the sixty-day period had expired, the court entered an order, pursuant to sec. 269.45 (1), Stats., extending the time period by ninety days.

Such an order is appealable where, as here, new issues are presented by the motion that were not considered at the time of judgment.[22] The new issue here concerned the question of personal jurisdiction over the plaintiffs' sisters.

Defendants argue that plaintiffs' motion should be treated as a motion for a new trial based on newly discovered evidence, and therefore subject to scrutiny under the five requirements applicable to such motions.[23] Defendants then argue that plaintiffs were neglectful in not securing the affidavits presented to support their motion at the time the original summary judgment was ordered. Therefore, defendants conclude the affidavits were not properly before the trial court at its second review of the basic question.

We conclude that defendants' contentions are in error and that the affidavits were properly before the trial court.

First, defendants raise this issue of neglect for the first time on appeal. Defendants never objected on this ground

[22] In *Ver Hagen v. Gibbons* (1972), 55 Wis. 2d 21, 26, 197 N. W. 2d 752, the court said:

"We are of the opinion, therefore, that although a party may move the trial court to reconsider its orders or judgments under sec. 269.46 (3), Stats., he must present issues other than those determined by the order or judgment for which review is requested in order to appeal from the order entered on the motion for reconsideration."

[23] As recently enunciated in *Naden v. Johnson* (1973), 61 Wis. 2d 375, 384, 212 N. W. 2d 585:

"The rules governing the granting of a new trial are of long standing. They are: (1) The evidence must have come to the moving party's knowledge after a trial; (2) the moving party must not have been negligent in seeking to discover it; (3) the evidence must be material to the issue; (4) the testimony must not be merely cumulative to the testimony which was introduced at the trial; and (5) it must be reasonably probable that a different result would be reached on a new trial."

below, and consequently the trial court never ruled on it and apparently did not treat plaintiffs' motion as a motion for a new trial, based on newly discovered evidence. Defendants have waived this argument by not asserting it.

Second, plaintiffs did not ask for a new trial under sec. 270.50, Stats. No trial in this action has ever taken place. Instead, plaintiffs, under sec. 269.46 (3), asked the court to reconsider its decision granting defendants' motion for summary judgment. The same strict standards applicable to granting new trials do not apply here. Considerations of prejudice to the opposing party and burden on the court's time from a perhaps lengthy new trial, require that requests for new trials be subject to stricter scrutiny and more stringent criteria.

Third, this court has encouraged litigants and trial courts to utilize sec. 269.46 (3), Stats., to correct both errors of law and findings of fact, and has indicated that the statute confers broad power on the trial court to do so.[24]

In deciding whether to grant a motion to reverse a judgment, a trial court could certainly consider the question of the moving party's neglect, and possible prejudice to the other side, but such matters should rest within the sound discretion of the court, and should not be considered absolute prerequisites as in the case of motions for new trials. This conclusion is supported by comparing sec. 269.46 (3), Stats., with sec. 269.46 (1).[25] Sec. 269.46 (1) allows a trial court to relieve a party from a judgment, within one year of notice of its being rendered,

[24] *Fringer v. Venema* (1965), 26 Wis. 2d 366, 375, 376, 132 N. W. 2d 565, 133 N. W. 2d 809.

[25] This section provides, in part: "(1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

upon a showing of "mistake, inadvertence, surprise or excusable neglect." If a party acts quickly however, within sixty days of the notice of judgment, then sub. (3) is applicable. The fact that sub. (3) contains no requirement of showing excusable neglect, etc., as required under sub. (1), is evidence that the legislature intended that excusable neglect is not an absolute prerequisite to relief under sub. (3).

B. *Absent parties' disinterest in plaintiffs' action.*

Plaintiffs also argue that their three sisters are not indispensable parties because they suffered no pecuniary loss resulting from their father's death. It is unnecessary to consider the merits of this contention, however, because only two of the three sisters filed affidavits renouncing interest in plaintiffs' action.

C. *Statute of limitations.*

Plaintiffs also contend that since the three-year statute of limitations, which is applicable to wrongful-death actions,[26] has run as to the sisters, they should no longer be considered indispensable parties.

First, we must consider whether the procedural context of this case permits the court to reach this issue. The statute of limitations had already run as to the absent parties before the trial court had rendered its original decision granting summary judgment. The appeal here is from the order denying the motion to review the judgment rather than the judgment itself. However, in its original written opinion, the trial court expressly indicated it was refusing to consider any issues relating to the statute of limitations and said "it would probably have to deal with that matter at a later date." Accordingly, since the trial court made no ruling on the issue originally, and since the issue presents a question of law rather than of fact, this court reaches the merits of the issue.

---

[26] Sec. 893.205 (2), Stats.

The merits of this issue are controlled by the recent case of *Heifetz v. Johnson*.[27] In *Heifetz*, plaintiff was injured in a car accident, received $2,000 from his insurance company toward medical expenses, and then sued the driver of the other car without joining as a coplaintiff the subrogated insurer. The court said that subrogated liability insurers are generally considered indispensable parties, but that plaintiff's action could proceed without joinder for two reasons:

First, the court said that, subject to certain exceptions not applicable to the case at bar, failure to join indispensable parties does not deprive the court of subject matter jurisdiction.[28] Hence a judgment rendered in such an action would be a valid judgment and commencement of such an action would toll the running of the statute of limitations.

Second, the court said that where the statute of limitations prevents the absent party from commencing any subsequent independent action, such party loses indispensability status:

". . . The respondents also persuasively argue that the purpose of the mandatory joinder statutes [secs. 260.12 and 260.13, Stats.] is to protect the defendant against a multiplicity of suits and that the purpose is served when by operation of the statute of limitations the insurer is barred forever from any claim against the defendant. There is, in effect, no longer any lack of an indispensable party for the insurer no longer has any interest in the action.

"It was well stated in *Bank of California v. Superior Court* [(1940), 16 Cal. 2d 516, 521, 106 Pac. 2d 879]:

"'. . . Bearing in mind the fundamental purpose of the doctrine, we should, in dealing with "necessary" and "indispensable" parties, be careful to avoid converting

[27] (1973), 61 Wis. 2d 111, 211 N. W. 2d 834.
[28] *Id.* at page 122.

a discretionary power or a rule of fairness in procedure into an arbitrary and burdensome requirement . . .' " [29]

Applying *Heifetz* to the case at bar, where the three-year statute of limitations expired in 1972 but plaintiffs commenced their action in 1971, we reach the following conclusions: The trial court had subject matter jurisdiction of plaintiffs' action which, when commenced, tolled the statute of limitations; the statute of limitations would preclude the three sisters in the future from commencing any independent wrongful-death action against defendants; therefore the sisters are no longer to be considered indispensable parties.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.