COUNTY OF RUSK, Plaintiff-Appellant,

v.

RUSK COUNTY BOARD OF ADJUSTMENT, Defendant,

Robert RADIKER and Elaine Radiker, Defendants-Respondents.

Court of Appeals

*No. 98–0298–FT. Submitted on.briefs July 8, 1998.—Decided August 25, 1998.*

(Also reported in 585 N.W.2d 706.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Steven P. Anderson*, Ladysmith.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Susan M. Zabel* of *Coe, Dalrymple, Coe & Zabel, S.C.*, Rice Lake.

Before Cane, C.J., Myse, P.J., and Hoover, J.

MYSE, P. J.  Rusk County appeals a judgment dismissing its attempt to obtain a review of a Rusk County Board of Adjustment decision granting a variance to a real estate owner. The owner had successfully sought authorization to allow an addition to his home which had been constructed or placed closer to the shoreline than permitted under the existing setback

ordinances.[1] Rusk County contends that the trial court erred by dismissing its attempt to obtain certiorari review of the Board's determination based upon the County's failure to join the owner of the real estate in the certiorari action filed against the Board within thirty days of the Board's decision. Because we conclude that the failure to join an indispensable party, in this case the real estate owner, is not a jurisdictional defect and because we further conclude that the statute of limitations is tolled by the filing of a petition for certiorari review against the Board, the judgment dismissing the County's petition is reversed.

Robert and Elaine Radiker are Rusk County property owners who applied for and were granted a variance from setback requirements of the Rusk County Shoreline Zoning Ordinances. The Rusk County Board of Adjustment granted the variance allowing a previously constructed addition to the Radiker home to remain within the shoreline setback area. The Board filed its written decision on September 20, 1996. Rusk County timely commenced a certiorari review of the Board's decision pursuant to § 59.694(10), STATS. The Board of Adjustment was the only defendant named in the action and at no time answered or appeared to defend the action. The Radikers were neither named as a party nor ever given notice of the pending action seeking reversal of the variance granted to them. The Rusk County Board of Adjustment later convened and voted unanimously not to defend the lawsuit.

The Radikers filed a motion to intervene alleging that they had an interest in the pending action which was not represented adequately by existing parties but

---

[1] This is an expedited appeal under RULE 809.17, STATS.

their motion was filed more than thirty days following the Board of Adjustment's decision approving the variance. The trial court granted the Radikers' motion to intervene. The Radikers then filed an answer raising affirmative defenses. At a subsequent evidentiary hearing on other issues, the trial court ordered the parties to brief the issue of whether the action should be dismissed for the County's failure to join the Radikers as indispensable parties and serve them within the thirty-day time limit for filing a certiorari review pursuant to § 59.694(10), STATS. The trial court ultimately dismissed the action for failure to name the Radikers as necessary and indispensable parties concluding that the Radikers' due process rights and property interests required that they be joined and served at the commencement of the action and within the thirty-day time limit required by the statute. The court concluded that the failure to include indispensable parties within the thirty days rendered the County's complaint initiating the certiorari review untimely.

This appeal presents two issues: (1) whether the failure to join an indispensable party by itself is fatal to the County's attempt to obtain a certiorari review of a Board of Adjustment determination granting a variance; and (2) whether the failure to join all indispensable parties within the thirty days of commencing a certiorari review under § 59.694(1), STATS., requires the dismissal of the writ.[2] The first issue involves the application of undisputed facts to an

---

[2] Because the parties do not dispute the issue, we assume without deciding that an owner of real estate is an indispensable party to an action for certiorari review of a zoning determination as to his property.

established legal principle. *See Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758, 300 N.W.2d 63, 68 (1981). The second issue is a question of statutory construction which is resolved as a question of law. *See Stockbridge Sch. Dist. v. DPI*, 202 Wis. 2d 214, 219, 550 N.W.2d 96, 98 (1996). In construing a statute we determine the legislature's intent by examining the language of the statute itself. *See In re J.A.L.,* 162 Wis. 2d 940, 962, 471 N.W.2d 493, 502 (1991). If the language is clear and unambiguous the terms of the statute will be applied in accordance with the language of the statute. *Id.* Only if there is an ambiguity do we resort to rules of construction, including resort to legislative history in an effort to determine legislative intent. *Id.*

██

We first consider whether the failure to join an indispensable party is jurisdictional. This question is resolved by *Heifetz v. Johnson,* 61 Wis. 2d 111, 211 N.W.2d 834 (1973), in which our supreme court clearly provided that the failure to join an indispensable party was not a jurisdictional defect which by itself warrants dismissal of the action. "We conclude that the Wisconsin Supreme Court has not viewed the requirement of joinder of indispensable parties as jurisdictional . . . ." *Id.* at 122, 211 N.W.2d at 840. The court reasoned that joinder of indispensable parties is a desirable goal of judicial administration and fairness but does not prevent any action at all if all indispensable parties are not joined. *Id.* at 121, 211 N.W.2d at 840.

Having determined that the failure to join an indispensable party does not by itself warrant dismissal, we must next determine whether the failure to join all indispensable parties within the thirty-day period requires dismissal because § 59.694(10), STATS., limits

the commencement of an appeal to within thirty days after the filing of a decision by the board. Section 59.694(10), provides: "A person aggrieved by any decision of the board of adjustment, or a taxpayer, or any officer, department, board or bureau of the municipality, may, within 30 days after the filing of the decision in the office of the board, commence an action seeking the remedy available by certiorari."

This statute unambiguously requires only that an action to review the Board's determination be commenced within thirty days. In this case an action was commenced against the Board within the thirty-day period. Because an action was commenced within the time prescribed by statute the thirty-day statute of limitations is tolled. *See Kochel v. Hartford Accident Indem.,* 66 Wis. 2d 405, 420, 225 N.W.2d 604, 612 (1975). The subsequent joining of the indispensable party is irrelevant to the provisions of the statute of limitations since the commencement of the action within the statutory period is sufficient to toll the running of the period of limitations. The respondent argues that the failure to join all indispensable parties within the period of limitation provided by statute violates the statute of limitations and requires the action be dismissed. We disagree. The language of the statute requires only that the petition for review be filed within the thirty-day period. The joining of other parties at some subsequent date, amendment of the pleadings and other procedural matters have no affect on the petitioner's right to obtain review once the petition has been timely filed.

Because the failure to include all indispensable parties is not jurisdictional and because the commenc-

ing of the action against one of the proper parties tolls the statute of limitations we conclude that the trial court erred by dismissing the writ of certiorari. We therefore reverse and remand the matter to the trial court for determination of the claims of the parties on their merits.

*By the Court.*—Judgment reversed and cause remanded.